IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN WORKMAN            :

                        :

    v.                  : Civil Action No. DKC 2007-0012

                        :

CORPORATE PRESS         :

                        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the unopposed motion of Defendant Corporate Press, Inc. to stay the action and compel arbitration. (Paper 8). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be granted.

On January 4, 2007, Plaintiff John Workman filed a complaint with this court alleging race discrimination in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 *et seq*, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. Plaintiff was granted leave to proceed *in forma pauperis*. (Paper 3).

When Plaintiff began working for Defendant in 2003, he signed a Dispute Resolution Agreement ("DRA") that covered "all matters directly or indirectly related to [his] recruitment, employment or termination of employment by the Company; including, but not limited to, claims involving laws against discrimination whether brought under federal and/or state law. . . ." (Paper 8, Appendix

A).  The DRA stated that if Workman sought relief in court, for a dispute covered by the agreement, the Company may within 60 days of the service of the complaint, require all or part of the dispute to be arbitrated in accordance with the rules of the American Arbitration Association ("AAA").  The DRA further provided that "the option to arbitrate any dispute is governed by the Federal Arbitration Act and the Maryland Arbitration Act, and is fully enforceable." (*Id.*).  Workman's complaint was served on Corporate Press on February 1, 2007 (paper 5) and Corporate Press timely filed the instant motion to stay this action and compel arbitration, on March 23, 2007 (paper 8).

Relying on the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, Corporate Press argues that the arbitration agreement is valid, covers Workman's claims, and should be enforced.  The FAA reflects "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  Underlying this policy is Congress's view that arbitration constitutes a more efficient dispute resolution process than litigation.  *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (citing *Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir. 2001)).

The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration."  9 U.S.C. § 3.  "This stay-of-litigation provision is mandatory.  A district court

therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins*, 303 F.3d at 500 (citing *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001)).

The DRA is exhaustive in scope and squarely covers the claims Workman raises here.  Furthermore, no injustice will result if the action is stayed and these claims are resolved in arbitration. Corporate Press stated that, in light of Workman's *in forma pauperis* status, it will subsidize the cost of the employee's share ($150.00) of the filing fee to the AAA.  (Paper 8, at 4).  And, pursuant to AAA rules, Corporate Press would pay the entire amount of the arbitrator's fees.

Defendant's motion seeks a stay, rather than dismissal of this action, pending arbitration.  Under the circumstances, however, because all issues are subject to arbitration, dismissal is the more appropriate action.  The United States Court of Appeals for the Fourth Circuit explained as follows:

> As is relevant here, the FAA requires a district court, upon motion by any party, to stay judicial proceedings involving issues covered by written arbitration agreements. *See* 9 U.S.C.A. § 3 (West 1999).  According to Choice, BSR's motion to dismiss was not a proper § 3 motion because the sole remedy available under § 3 is a stay. Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).

*Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001).  Thus, the case will be dismissed by separate Order.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
